AO 91, Rev. 11/82 (J Pavlcok Authorizing) **CRIMINAL COMPLAINT** #13-013

| | |
|---|---|
| **United States District Court** | DISTRICT: Eastern District of Pennsylvania |
| UNITED STATES OF AMERICA<br>v.<br>Sarahi Salazar Sanchez | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>13-90 |

Complaint for violation of Title 31 United States Code § 5324(a)(1), (d)(2)

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable THOMAS J. RUETER | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| January 17, 2013 | Philadelphia, PA | |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about January 17, 2013, in Philadelphia, defendant Sarahi Salazar Sanchez, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, knowingly caused and attempted to cause a domestic financial institution to fail to file Currency Transaction Reports ("CTR") for currency transactions in excess of $10,000, by depositing U.S. currency at Bank of America branch locations and in amounts under $10,000, as part of a pattern of illegal activity involving transactions of more than $100,000, that is, approximately 13 transactions totaling at least approximately $127,940 in a twelve-month period, to wit:

| Count | Date | Amount | Location |
|---|---|---|---|
| 1 | Jan. 17, 2013 | $9900 | 423 E. Girard Ave., Phila., PA |
| 2 | Jan. 17, 2013 | $9800 | 1950 S. Columbus Blvd., Phila, PA |

In violation of Title 31, United States Code, Sections 5324(a)(1), (d)(2).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)
Brian Funk

OFFICIAL TITLE
Special Agent, Homeland Security Investigations

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE [1]
Honorable THOMAS J. RUETER, United States Magistrate Judge

DATE: 1/22/13

1) See Federal Rules of Criminal Procedure rules 3 and 54.

# AFFIDAVIT

Brian C Funk, Special Agent, Homeland Security Investigations (HSI), being duly sworn, depose and state the following:

## I. INTRODUCTION

1. Your affiant is an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, a law enforcement officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. Your affiant has been employed as a special agent with Homeland Security Investigations (HSI) since 2007 and is currently assigned to the High Intensity Drug Trafficking Area (HIDTA) Financial Investigations Group. Your affiant is primarily responsible for investigating violations of the Money Laundering Control Act of 1986, Bank Secrecy Act and other financial crimes that are associated with narcotics trafficking.

2. Your affiant has conducted investigations involving the international smuggling of narcotics and other contraband as well as the laundering of proceeds derived from such activities. Through training and experience, your affiant has become familiar with the manner in which the criminal origin of monetary instruments and currency are laundered to evade detection by law enforcement. Your affiant is familiar with and has personally utilized a wide variety of investigative techniques to include the use of wire intercepts, electronic tracking devices, pen registers, and trap and trace devices.

3.      Your affiant makes this affidavit in support of the issuance of a criminal complaint, in part on personal knowledge derived from his participation in this investigation and, in part, upon information and belief. The sources of the affiant's information and belief are oral and written reports about this and other investigations, which have been received, directly or indirectly, from agents, officers, including special agents of HSI and other law enforcement agencies.

## II.    PURPOSE OF AFFIDAVIT/EXPERIENCE

This affidavit is respectfully submitted in support of a complaint and arrest warrant for violation of Title 31 U.S.C. § 5324, Structuring transactions to evade reporting requirements. Based on my training and experience, I know Title 31, United States Code, Section 5313 provides that when a domestic financial institution is involved in a transaction for payment, receipt or transfer of U.S. coins or currency of an amount the Secretary of the Treasury prescribes, the financial institution must file a report on the transaction. The Secretary of Treasury prescribed the amount for which such a report must be filed to be more than $10,000, under Title 31, Code of Federal Regulation, Section 103.22. The reports financial institutions must file for transactions involving more than $10,000 in coins or currency are known as a Currency Transaction Report ("CTR"). Financial institutions that are required to file CTR's include banks and check cashers, under Title 31, Code of Federal Regulation, Section 103.11. Thus, if a bank or check casher conducts a transaction involving more than $10,000 in U.S. coins or currency, it must file a CTR. Further, Title 31, United State Code, Section 5324, makes it criminal for any person, for the purpose of evading the reporting requirements of Section 5313, to cause or attempt to cause a financial institution to fail to file a report required

under Section 5313, or to structure, assist in structuring, attempt to structure or attempt to assist in structuring, any transaction with a financial institution.

4. Through my training and experience, I am aware that criminals and money launderers attempt to hide the proceeds from criminal conduct by anonymously converting the proceeds from the criminal conduct into cash, negotiable instruments, and property purportedly unrelated to criminal activity. Furthermore, when converting the currency and checks, money launderers conduct the transactions in a manner to avoid the CTR requirements under 31 U.S.C. § 5313.

### III. FACTS

5. The investigation was initiated on January 15, 2013 when the HIDTA/Financial Group of HSI Philadelphia received information from a confidential-source-of-information that Sarahi SALAZAR SANCHEZ, residing at the Days Inn, 4200 Roosevelt Blvd, Philadelphia, PA, may be involved in suspicious activity. Special Agents (SA) and Task Force Officers (TFO) responded to establish surveillance and gather information on SALAZAR SANCHEZ.

6. On January 15, 2013, an HSI agent associated with the High Intensity Drug Trafficking Area task force received information from a confidential source (CS-1), who has been proven reliable in that CS-1's information at least over the past year has led to the seizure of currency and narcotics and has resulted in arrests of several individuals. Specifically, the HSI agent received information from CS-1 that Sarahi SALAZAR SANCHEZ, who was staying or residing at the Days Inn, 4200 Roosevelt Blvd, Philadelphia, PA, may be involved in suspicious activity. Special Agents (SA) and Task

Force Officers (TFO) responded to establish surveillance and gather information on SALAZAR SANCHEZ.

7. A query of ICE/HSI databases revealed that SALAZAR SANCHEZ entered the U.S. on December 16, 2012, on a visitor visa through the port of San Ysidro, California and is a citizen and resident of Mexico.

8. On January 17, 2013, HSI HIDTA/Financial Special Agents and Task Force Officers conducted surveillance on SALAZAR SANCHEZ at the Days Inn, 4200 Roosevelt Blvd, Philadelphia, Pennsylvania. At approximately 10:00 a.m., SALAZAR SANCHEZ was picked up in a Silver Chrysler 300. Agents determined that the driver was a taxi cab/ limousine driver. They departed the hotel southbound on Roosevelt Blvd and agents followed.

9. At approximately 10:28 a.m., SALAZAR SANCHEZ was observed entering the Bank of America located at 423 E. Girard Avenue, Philadelphia, PA, 19125 (Bank #1). SALAZAR SANCHEZ was carrying a large black purse upon entering the bank. Agents subsequently interviewed bank manager Shanatia Bygrave, who revealed that SALAZAR SANCHEZ had a completed deposit slip and conducted a cash deposit for $9,900 into a Bank of America account. The cash deposited was bundled in twenty dollar denominations. Surveillance was temporarily lost on SALAZAR SANCHEZ and the limousine in the vicinity of Girard Avenue and Cambria Streets.

10. Surveillance was regained several minutes later on the same vehicle at a Bank of America at 1950 S. Columbus Blvd, Philadelphia, PA, 19148 (Bank #2), where SALZAR SANCHEZ was seen inside that bank just after conducting a transaction at the teller window there. At approximately 10:52 a.m, SALAZAR SANCHEZ was observed

leaving Bank #2 and entering into the same vehicle and departed the area. An agent interviewed the bank manager at Bank #2 at that time, who revealed that SALAZAR SANCHEZ had just conducted a deposit of $9,800 of cash at Bank #2 into the same account while inside.

11. Surveillance followed the limousine (with SALAZAR SANCHEZ inside) across the Ben Franklin Bridge into New Jersey to a Bank of America located at 433 Market Street, Camden, NJ, 08102 (Bank #3). At approximately 11:05 a.m., SALAZAR SANCHEZ entered Bank #3 carrying the same large black purse. An agent observed SALAZAR SANCHEZ at the teller window appearing to be conducting a transaction.

12. At this time, Philadelphia Police Detective/Task Force Officer Larry Henry and HSI Special Agent Brian Funk approached SALAZAR SANCHEZ and asked to speak to her. After identifying himself, TFO Henry informed SALAZAR SANCHEZ that the agents would like to ask her a few questions regarding her banking activity. SALAZAR SANCHEZ agreed to speak to the agents and at this time, the teller handed back a deposit slip and cash (later determined to be $9860) to SALAZAR SANCHEZ. SALAZAR SANCHEZ placed the deposit slip and the money into her large black bag, and TFO Henry observed that the bag was full of a large amount of bundled U.S. currency. TFO Henry asked SALAZAR SANCHEZ to step aside and be seated for a moment away from customer business, and when she was seated Special Agent Funk informed SALAZAR SANCHEZ that they would like to ask her about her banking activity.

13. Without prompting from agents, SALAZAR SANCHEZ handed the bank deposit slip that she had received from the teller a moment before, and Special Agent

Funk observed on the slip that it was for a deposit of $9860. Although SALAZAR SANCHEZ appeared to understand English, agents asked her to be seated while they summoned a Camden Police Department Spanish-speaking law enforcement officer. Special Agent Funk went outside the bank and located the limousine driver, who told Special Agent Funk that he had picked up SALAZAR SANCHEZ the day before and drove her to 5 different Bank of America branches that day (January 16, 2013) and 3 Bank of America branches on January 17, 2013. Agents waited approximately 20 minutes, and after the Spanish-speaking officer still had not arrived, agents took SALAZAR SANCHEZ to HSI offices at 220 Chestnut Street, Philadelphia, PA for questioning.

14. At approximately 12:23 pm, Special Agent Funk asked SALAZAR SANCHEZ for consent for Agents to search her black purse and verbal consent was granted by SALAZAR SANCHEZ at this time. Agents removed the purse from the interview room and conducted their search in the adjacent room next door. Located inside the purse was approximately $80,360, including a number of pre-labeled stacks of currency, in amounts between approximately $9620 and $9840, as well as matching bank deposit slips already filled out with the above amounts in cash to be deposited into the same Bank of America bank account. Other items located inside the purse were sheets of paper identifying dates, various bank branches placed in groups or zones, a phone number for a taxi service and what appeared to be "tally sheets" identifying daily expenses such as taxi, hotel, food ("comida" in Spanish). Your agent believes that, under the circumstances, this cash was to be structured/deposited into the same Bank of America account by SALAZAR-SANCHEZ.

15. When she was at the agent's offices, SALAZAR SANCHEZ asked for a cigarette break and agents allowed her to retrieve a cigarette from a cigarette carton that she had placed on the floor. For the agents' safety, and prior to handing her the box, agents opened the box to determine its contents and observed a number of transacted bank deposit receipts concealed within the carton. Agents recovered the deposits receipts (approximately 10 of them) and determined that they were for 10 deposits ($98,300) made to Bank of America branches on the two previous dates (Jan. 15 and 16, 2013) into the same Bank of America account (the subject bank account), in amounts between $9000 and just under $10,000.

17. On January 22, 2013, your affiant contacted a Bank of America branch manager at 423 E. Girard Avenue, Philadelphia, PA who confirmed that the Bank of America executed deposit slips were produced at local Bank of America branches in a limited geographic area within Philadelphia. Thus, your affiant believes that SALAZAR-SANCHEZ completed these additional bank deposits at Bank of America branches in the Philadelphia area on the two days prior to January 17, 2013.

18. In total, $118,080 was deposited by SALAZAR-SANCHEZ from January 15-17, 2013 at Philadelphia BOA branches. In addition, the additional attempted deposit at the Camden BOA branch would bring the total to $127,940 in U.S. currency.

**CONCLUSION**

Based on the above facts and my training and experience, I believe there is probable cause to believe that Sarahi SALAZAR-SANCHEZ caused and attempted to

cause a financial institution to fail to file a CTR for a transaction involving more than $10,000 in U.S. coins or currency, in violation of 31 U.S.C. § 5324(a)(1), as part of a pattern of illegal activity involving transactions of more than $100,000, that is, approximately 13 transactions totaling at least approximately $127,940 in a twelve-month period, in violation of 31 U.S.C. § 5324(d)(2).

_____
Brian C. Funk
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN BEFORE ME
THIS 24 DAY OF JANUARY, 2013

BY THE COURT:

_____
HONORABLE THOMAS J. RUETER
*United States Magistrate Judge*